Case number 20-5182. Cause of Action Institute, Appellant versus United States Department of Justice. Mr. Mulvey for the appellant. Mr. Ross for the appellee. Thank you. Good morning. Mr. Mulvey, you may proceed. Good morning, your honors. May it please the court. My name is Ryan Mulvey. I represent Appellant Cause of Action Institute and I intend to reserve one minute for rebuttal. This case presents the unresolved question of the meaning of a record under the Freedom of Information Act. In American Immigration Lawyers Association versus Executive Office for Immigration Review, this court ended the longstanding practice of scoping records, that is redacting portions of a record considered non-responsive by agencies. But agencies have adapted and they now seek to segment unified records into smaller records, which can then be withheld as non-responsive. That approach exemplified in OIP's 2017 guidance and applied here to the QFRs at issue, depends on misguided dicta from ALA to advance a subjective ad hoc definition of a record that conflicts with the text of the FOIA and with common sense. There are four broad reasons why the government's position is wrong and its treatment of the QFRs incorrect. First and foremost, Congress has added a definition of the FOIA, of record to the FOIA. Appellant has set forth a four part, four elements to that definition that logically follow from the two clauses at section 552 F2, more specifically. Can I pose two or three hypotheticals and wonder if you think that they're records, if they're a single record or if they're multiple records? The first one is, let's say the January volume of a law review. So it's bound in one volume. It's consecutively paginated, but each article is different and each article is by a different author. Do you think that that's one single record or do you think each article is its own record? If the bound physical copy of a law review, we're not talking about PDFs of the individual articles, the entire volume would constitute a record. Whether or not it would be subject to disclosure as falling under agency control, I think is an important question. Right now, I'm just trying to probe the meaning of record. What about the transcript of a trial? Do you think you could imagine that each day's transcript that the court reporter types up is a record? Or you could imagine that the whole thing, let's say it's a two-month trial, the whole two-month trial is one record. So do you think that's one record or multiple records? Your Honor, I think that that would depend on how it's being maintained by the agency. So in my own practice, for example, transcripts are usually based day by day. You have separate PDFs that come from the reporter. If those separate PDFs are being maintained separately by the agency, then each of them are records. If the entire trial has been turned into a single PDF, then that would be a single record. Do you think it would depend at all on how the FOIA requester phrased the request? So let's say FOIA requester number one says, I'd like the trial record. And FOIA requester number two says, I'd like the record for May 2nd of that trial. Do you think that the nature of the record would be different in the first request from the second request? I don't think that the nature of the record would be different. But I think what's interesting about the second hypothetical you pose is that it does contain a sort of implicit consent to exclude portions of the record for purposes of processing the request. And I think what would be most appropriate then in that situation is for the agency to communicate with the requester and to confirm the consent to exclude portions of the complete transcript that the requester is not interested in. I'll lay off the hypotheticals. I'm done. So Mr. Mulvey, I guess I have maybe a related question to that, which is, does it matter if the requester... So some types of requests say, I would like the trial transcript of this date, right? And so that is arguably something that exists in some form. Other requests seek information about particular subjects, I think perhaps like your request, cause of actions request in this case. So does the agency think about records differently with those two different types of requests? Some are for specific subject matters. And in the latter case, under the ALEA decision, I mean, might it not be appropriate for the agency to then define the record in relation to the subject matter that is being sought by the requester? I think those considerations come in, not at the point of responsiveness review and defining a record, but in terms of designing a search. The subject matter of request is helpful when an agency constructs its search methodology and attempts to locate potentially responsive records. It doesn't come in so much at the next stage of defining a record. And in fact, I'd like to point out that this actually raises a very interesting aspect of the ALEA decision, of the dicta on defining a record, which is that the process. So after dismissing the existence of a 552 F2 and describing it just as a description of records, the court says, well, responsiveness review is, seems to be the first step. So agencies can define a record at that stage, but it misses the search. Before responsiveness review, before application of a control test, before consideration of exemptions, an agency collects a universe of potentially responsive records, things that exist as maintained by the agency at the time of the request. The things that get returned from a search, word files, outlook messages, Excel sheets, PDS, those are records. Those are existing objective things already at the agency. There really shouldn't need to be any further investigation of the subject matter of the really just a policy-based argument that's better directed at Congress. It doesn't grapple with the text. It doesn't really grapple with how the FOIA process actually, actually works. I understand you're, I'm sorry, go ahead. Go ahead. Oh, I guess, I guess my, I wonder if the, what you just stated about a search, right, is in some ways an artifact of the fact of, of our ability now to do detailed electronic searches of documents, right? Where many documents might come up with, you know, just a couple of search words in it. You know, whereas, you know, when FOIA was originally drafted, I mean, records were probably things that, in fact, existed as discrete documents and there would be a search through some paper archives, you know, for responsive documents. You know, in a world of electronic searching, I wonder if that is really a reasonable way to think about records. Well, Your Honor, if anything, I believe the fact that we're in an electronic world makes the application of an objective definition of a record even easier, precisely because you're dealing with, for example, PDS, it's very clear on a computer to see what exists as a discrete file. Whereas with paper records, that can be a little more difficult, as I think some of the case law, and certainly older case law, has dealt with. But, you know, to return to the reasons why the government is wrong here, I mean, beyond the existence of a statutory definition that the government doesn't even attempt to ground its position in, it offends, the government's position in the treatment of the QFRs here offends common sense. I think the district court in Lipton described very well that the ordinary understanding of a record is that it is an existing document or other permanent preserved account of past events. It has to exist prior to the submission of a request. With respect to the Privacy Act, I think the briefs address this very well. I would just like to point out this circuit's decision in 1983 in McGehee v. CIA, footnote 47, where this court said that the Privacy Act definition of a record is, quote, not germane, end quote, to the FOIA context. I think that pretty much resolves any sort of attempt to use a portion of the Privacy Act definition of a record. Cause of Action in its briefing presented a number of principles related to the idea of the pre-existence of records prior to the submission of a request. In most part, the government didn't answer any of them. There are two crucial things, if I'm understanding you correctly, two crucial points that you're making underlying your argument. One is that you've already mentioned, that is a record exists before the requests are made. I think that really is, that's certainly been my understanding. The agency is looking for records in which they might find the relevant information. And the other point, as I, if I'm hearing you correctly, an information is not a record. And that seems to be lost. Information may be contained in a record, but information is not a record. It is, it is simply a communicable knowledge that may or may not be in a record. Is that, am I understanding you correctly? Yeah, I think that's right, your honor. I would say that this came up in the government's brief and we addressed it in our reply brief, where we, where we said that a existence of a record is not conditioned on the subject matter content of the information. No, no, I understand that point. But I think, I think you're trying to make the strong point that the, or strong for you, that the record exists before the requests are made. And the government is now searching for the information that is being requested in the records that already exist. In the record, yeah, in the format of records, correct. Format of records, because that's what the statute says. We're talking about records. You're not talking about searching for information, although they're certainly looking for information, but the statute causes them to look for the information in the records is your point, right? Yes, your honor. Okay. Mr. Moldy, is that definition of record consistent though, with AILA's language that this is, I guess on page 678 of the case under FOIA agencies in effect, define a record when they undertake the process of identifying records that are responsive to a request, right? Which suggests that the record is in part defined in relation to what is being sought after. Well, your honor, I think our point is that section 552 F2 doesn't actually say that. And then this aspect of the dicta in the AILA court has, there is no legal authority for it. And I'm not quite sure where it comes from, but it's wrong precisely because as I explained before, it misses the initial step in the FOIA process, which is before a responsiveness review is conducted, which is what this line, I think Judge Sreenivasan was contemplating. A search is conducted and potentially responsive records are compiled to be processed for responsiveness control and statutory exemptions. Well, so in a situation, if that is true though, how are we supposed to parse whether, I mean, you know, say in the facts of this case, not even a hypothetical, whether the QFIRs are all of the QFIRs taken as a whole or are individual questions for the record? Well, here, your honor, the agency's declarant conceded that the QFRs existed as a single document and were transmitted to Congress as a single document. It argued basically a could have, should have, would have type of argument that, well, we only created one record for efficiency sake. Well, that may be the case, but the agency created one record, maintains it as one record, transmitted it to Congress as one record and identified it as one record responsive to cause of actions FOIA request and only decided to break it up after the fact. And then maintain that position after an that what it sought was the entirety of the QFRs as they exist at DOJ. But that wasn't the request that cause of action made, right? Presumably cause of action could now make a request, you know, for all of the questions for the record from a particular day to a particular executive branch official. Well, cause of action could always, yes, submit a new request. Part of the government's argument though is that that shouldn't be between the requester. The government believes that cuts in favor of DOJ's position, but I think, you know, in actuality, it cuts the other way because that there was communication between, in the form of an appeal, somewhat more formal communication than might otherwise occur, but cause of action clarified what it was actually seeking. Cause of action had no reason to suspect that DOJ would split up the QFRs the way that it did because it was concerned about efficiency or because it, I believe at one point the government claims it didn't want to confuse cause of action institute by releasing material that wasn't related to what it understood to be the subject matter of the request. But that gives agencies such broad discretion to determine what's going to be useful contextual information to a requester. I mean, that, you know, it's one thing if the agency wants to reach out to the requester and negotiate a narrowing or an exclusion of certain portions of a record, but to just give the agency full discretion to treat a record any way it wants for the sake of efficiency. In this context though, I mean, the questions for the record, some of them are very distinct. I mean, your request was about earmarks, right? And so, so say a question about Guantanamo Bay, how is that responsive to the request that cause of action submitted? Well, what's responsive isn't subject matter content within the record. The record in its entirety is what FOIA contemplates as being disclosed. And when you're doing a responsiveness review, you look at the entirety of the record and if any portion of it is responsive, then the entirety is responsive. In terms of the government, if what you're thinking your honor is about the government's argument that certain sub parts of questions or certain questions in the set of QFRs weren't directly related to earmarks or the decision to obligate agency funds, well, that information still has valuable context because it gives cause of action an idea of how DOJ approached one subject matter within the same set of QFRs as opposed to another. It may have given short shrift, for example, to agency decisions to obligate funds as opposed to Guantanamo Bay. Let me ask you another question. So, if, you know, so these were all compiled into one document per I assume maybe somewhere DOJ, these also exist as separate documents. So, if they released the word files that were just for particular questions, would that be also a record? Yes, your honor. So, in my experience in the executive branch, often, you know, these questions are divided up and then they are recompiled. So, if they just gave you the separate documents and not the compilation, would that be inconsistent with FOIA? Yes. So, as the record demonstrates, and we addressed this in our briefing, the agency could have, so it receives the questions from Congress, it breaks them up, sends them to different components, and then recompiles the responses. The agency could have tried to look for the final responses from the different components at DOJ, which represented final responses, but before they had been compiled to create a new record. And those could have been processed in response to actions FOIA requests, but DOJ didn't choose to process those records. Either it didn't find them. It's just an accident of how things are placed into combined word files or PDFs. Is that, I mean, is it just an, that's just sort of, that's almost accidental in a way, or created for efficiency or record keeping. Well, I wouldn't describe it as accidental. I mean, this is just the reality of how records are created in an agency. I mean, the problem isn't unique. I mean, it's not really a problem, but the situation is not unique to QFRs. I believe it was the District Court in American Oversight versus HHS, for example, when it was talking about email chains, and it explained in a footnote that with each email chain, with each response that each act by an agency employee to create a new chain, creates a new record that incorporates the previous conversation. So you're going to have a lot of duplication. And in a sense, it's an accidental creation in the same way that Your Honor is proposing with QFRs. But the fact remains that each of those email chains is a separate record. Each is potentially subject to records management obligations under the Federal Records Act, for example. And each can be processed in response to a FOIA request. So I wouldn't dismiss the fact that there exist component-level records that are responsive, somehow dispositive as to the treatment of the compiled, complete set of QFRs that were transmitted over to Congress. My time has expired. Thank you, Your Honors. Do my colleagues have any further questions? No, thank you. Okay, thank you. Mr. Ross? Thank you, Your Honor. Good morning. May it please the Court, Cason Ross for the Department of Justice. As Your Honors have explained previously, a plaintiff here sought information under the Freedom of Information Act concerning government spending on various earmarks, including grants to various Justice Department programs. And among the material identified was questions located in those records, or excuse me, answers to various questions. And you were right. Your answer is right, in those records. That's exactly the point. That is exactly the point. Let me tell you my concern, just so you can have it in mind. Sure. The government seems to be saying that you define requests, as you just started doing, except you slipped and you said what I think is appropriate. You're defining requests by reference to the information sought. Then when you find the information, you delete anything in the same record that's not responsive. I don't know where that comes from. That's simply not what FOIA says. FOIA refers to records. You're really searching for records in which information is contained. And you seem to be treating the two as if they're one and the same. They are not. Definitionally, they're not the same. Information is just communicable data. Creating a record is something different than having a record, and records include information. And I think your approach smacks directly in the face of what the court held. You can't go to a record and then delete pieces of it that you identify as being non-responsive. And that's what it seems to me you're doing. I thought this was one of the sillier and simpler cases. And I can think of a lot of them that would be really hard. But you have here, you have a document with a title, questions for the record. That is questions that are in the record is the way I read it. That's the title of it. One title, successive pages, questions and answers that are numbered successively, all within this one document. If that isn't a record in the minds of most people, I don't know what is. And it looked utterly bizarre as I was reading the appendix to see you're knocking out information in the record that you say is non-responsive. You have no legal basis that that is exactly what the court said you could not do unless it was exempt information. That's correct, your honor. But the government's position in this case is not that we took a single record and redacted information, rather that there were many records within a set of questions for the record. Well, that's self-serving. And I know we can go in circles on this, merely stating it to make it so. In other words, I have this picture of this that you created that has a title covering it all, refers to itself as a record, including all these questions in that record. That's your title. I didn't make the title. It has successive pages and the questions within that single record are numbered successively. And I don't know how that can't be a record. Your honor, it bears emphasizing in this case, and perhaps I can draw an analogy from Judge Walker's hypothetical about a law review volume. The questions for the record in this case were submitted by various members of Congress, multiple senators and multiple representatives. And it's as if each of those questions is like a law review article. Of course, the question and answer is much shorter than a full law review article, but the same concept applies. That is, whereas the volume of a law review issue, which contains multiple individual articles, it strains understanding why a single volume, which contains multiple articles, would be a single record. When, if each of those records was published individually, would be a single record. Plaintiff's own analogy in the reply brief compares a binder, a physical binder of multiple documents, as compared to an electronic, that is, if that binder was electronically transmitted as a single PDF. Whereas the physical binder of the exact same information would constitute multiple records on plaintiff's reasoning. My request is I want all the records in which Judge Walker has published articles. Then each of the articles would constitute a record. Right. I want all the records in which Judge Walker has published articles. That would be the whole book. You can't make the judgment about whether the rest of what's in that record, they should or should not be looking at. I was really kind of blown away that this was even a question that may just show my age, but I never, never saw this in the old days than that. And that doesn't win a case, but it just, it's to let you know why I'm flabbergasted. This is so straightforwardly in my mind. I can't find a way to make it other than a record. This, what you put in the record in the appendix, that is so straightforwardly a record. And what you've done is take pieces of information out of an obvious record because you don't think it's responsive to what they're really looking for. And we've already said, you can't do that. So your honor, I think that the government's position here is rather that a record is, is a, as a unit is defined by the document that it comprises. And, you know, Judge Rouse line of questioning with plaintiff's counsel is elucidating here, namely that if the government had instead identified various word documents of each of the individual files, plaintiff to my mind conceded or acknowledged rather that each of those individual word documents would have constituted a record. It's simply by virtue of the fact that information here was transmitted between branches of government for sakes of efficiency. Well, you know, the more interesting question would be to take Judge Rouse and extend it and see what the, and I can suspect what the government wants to do. Take each one of those word documents. You would have found them as a record. And then you would have gone through each paragraph and deleted each paragraph saying those paragraphs are not really responsive to what they're looking for. That's exactly what you cannot do. So, I mean, Judge Rouse question, I think is perfectly apt. The record is the word document. And what I'm saying to you is you can't now go through that record and delete pieces of it because you don't think it's responsive to what they're really looking for. That makes no sense to me. I understand Judge Edwards. And I think that my, excuse me, the government's position here is rather that we're not deleting, the government is not deleting portions of a record rather we're defining record according to the nature of a particular request so that it's responsive and able to efficiently provide information that the government has. Information, that's where you are trying to build a bridge between information and records that I think you cannot do definitionally. They're different. Information of all sorts can be contained in the record and they may not be related to each other. It doesn't make the record any less a record because the pieces of information in it are not obviously connected. That's your premise and I don't get it. I've looked everywhere and I find no one suggesting. Now the government can have a record system that says let's not ever have records that include information that are not related in some way. That's fine if you do that and that's clearly the way you set it up, then it's a different case. But that's not what we're talking about here. You created this record. It bears noting, your honor, that this court has reiterated multiple times that the focus of FOIA is information, not documents. No, that's directly from this court's decision. By words of the statute are records and counsel on the other side is exactly right. You're searching for records in which you'll find information. You have conflated the two and that is simply wrong. So, Mr. Ross, what about, oh, sorry, go ahead. Please go ahead, Judge Rowe. So, I guess my question is, I mean, the OIP guidance, the Office of Information Policy guidance here seems to distinguish between two types of requests. One is a request that identifies a record itself that may exist as a record and the other is requests that are for forms of information that, of course, would be found in records, but that don't necessarily describe the records themselves. And it seems to me that the OIP guidance treats those two types of requests differently. And I'm wondering if you can explain what the justification is for that different treatment. Your honor, I think first I'll start by noting that that guidance was released in response to this court's decision in, excuse me, American Immigration Lawyers Association. And it was an effort to provide guidance and it's not legally binding, but it's an effort to provide guidance throughout the government as to how to efficiently respond to FOIA requests. That said, there may be situations in which a record can be defined agnostically platonic to a particular request and other circumstances in which a record is more correctly defined in response to a particular request. And it bears emphasizing in an effort to fully satisfy what a FOIA requester is seeking. So, for example, here, it would be one thing if a FOIA requester, as plaintiff's counsel was adverting to, requested, for example, all questions for the record in response to attorney general holders sitting before Congress in April 2010. Plaintiff's counsel seemed to suggest that the government may have treated different responses, or excuse me, different questions from members of Congress differently. And in order to suss that out, plaintiff should have requested all of the questions and answers in response to attorney general holder's appearance. And as the government has explained in this case, we would have disclosed that information possibly as a single record. But in this particular case, you know, plaintiff had requested material on a specific subject matter, government spending on earmarks and pursuant to a specific executive order, and the government provided responsive material. In fact, all responsive material. And plaintiffs don't challenge that. But you're supposed to, you're supposed to give them a record, not responsive material. You're making the point over and over again that is legally wrong. You're, and that's what our case says. You are supposed to turn over a record, and you can exclude anything in that record that is exempt. You're exactly right. You're supposed to turn over the record. And you keep going to the point, because I know this is what you're doing, and it's flying right in the face of what we said. You now think, you look for the information, you find it in records, and then you start deleting based on what you think they really want. That's not what FOIA has ever been intended to mean. That's not FOIA. They're entitled to everything that is in that record, even if you, the government, don't think they really need it. We have never previously, though, defined precisely what constitutes a record. Then no, I understand. I certainly understand. And I will just suggest, Your Honor, that this court in American Immigration Lawyers Association and multiple other cases explicitly said that FOIA doesn't define record. Section 552 F2, you know, says what an agency record comprises, but that has meant to constitute the universe of agency records, which are subject to a search in the first instance, which is the subject of Freedom of the Press. This case instead asks a different question. What is a unit that comprises a record? And FOIA provides no guidance in that respect. And the government in this particular case has sought to explain that what that unit is, is in reference to a particular FOIA request. I have one question about the record in this case. There's a series of questions from Senator Feingold that are not consecutively paginated with the other set of questions that were answered on that same day. Do you happen to know if it's in the record, if a declarant has said this? Were the Feingold Kufors sent as a separate attachment when DOJ emailed its answers to the committee? Frankly, Your Honor, I really don't know. It may not matter. Yeah, I don't know. I'm sorry. That's all for me. Well, Mr. Ross, if you could just say, I mean, it sounds like the government believes it's entitled to, you know, some type of leeway in defining a record. And I'm wondering where the government finds support for that position. It's not leeway, Your Honor, rather that the government is seeking to efficiently provide FOIA requesters with the information that they seek. That's what we attempted to do in this case and in other cases. I don't know why you keep arguing efficiency. Why is it more efficient for someone to be given the assignment to, all right, now go through this thing that we picked up very quickly, and here it is, the single document. And rather than turning that over, you now say, now go through and let's try and figure out what they don't want. That takes a heck of a lot more time. So, Your Honor, that's incorrect. Which is incorrect? I guess I'll just take a step back for a second. When the government receives a FOIA request, you know, the determination of what constitutes a record and what is a responsive record is a fairly straightforward inquiry and can be done by, you know, subject matter experts in the particular agency, in this case, the Office of Information Policy. And those records can then be determined for or considered for processing, that is, for whether any of the material in those records should be kept exempt or not disclosed under the FOIA exemptions. Now, the decision whether to withhold material pursuant to a FOIA exemption is not one the government takes lightly and requires consideration of many different stakeholders. You know, many government equities must be considered in whether to invoke a FOIA exemption and it would create a huge backlog essentially for the government to process much more material in response to a specific FOIA request, which hurts not only the FOIA requester in that particular case, but all other FOIA requesters, who then have to wait that much longer for the government to process a substantially greater volume of information. I'm really not following you because I'm just using, use the material that we have in this case in the appendix, you pull out that one, what I'm calling a record that has all the questions and answers on a single title, single pagination, you pull it out, you're done. Assuming no, there's no exempt material in it. There's nothing else you have to do. The information in it, responsive or not, is not the inquiry and you will not be wasting time trying to figure that out. You just pull out that document, which is a record, self-evidently a record, and you hand it to them. Apologies, Your Honor, but what I'm trying to explain is the decision of what constitutes a record is a fairly easy one to make, whereas the decision whether to, that is then must be done, which is to process that information and determine whether to invoke the various FOIA exemptions is a very difficult decision to make. And under Your Honor's understanding here, processing these particular files would have taken a substantially longer period of time just for the government to be able to determine which exemptions to invoke. And if the government chooses not to invoke an exemption, of course, that's waived for perpetuity. Once the government discloses something publicly, it can no longer invoke a FOIA exemption in subsequent cases. So all I'm trying to say is that there's a substantial daylight between determining what a record is and whether to invoke any FOIA exemptions within that record. And so that's why the government's position here is rather to identify responsive records according to a particular FOIA request and provide that information to a FOIA requester. If other information is sought, the FOIA requester- Maybe I'm being dense. You identified this total record. And then what you did was go through it, and you did two things. One, I understand, always takes time, what's exempt, what's not. And then you spent additional time in that one record deciding what you thought was non-responsive, and you spent all that time crossing that material out, which the law does not ask you to do. But you agree it was a record. It was a record when you did two things. You looked for exempt material, and then you looked for what you thought was non-responsive material. And that's inconsistent with the law of the circuit. Apologies, Your Honor, but that's simply a misapprehension of what was done here. I'm just looking at what you turned in. So obviously it's what was done. You found that record, obviously, because it's there. We found multiple records, Your Honor. And we disagree with that. I'm just taking your word for it for ease of conversation. You found that record. And what you and I are now talking about is what you do when you find that record, which you know has some of what they're looking for. The law says you give them the whole record. You said, no, we're going to go through the record, see what's exempt, if anything. And then additionally, we're going to take the time to go through that record again to see what pieces of we're going to take out because we don't think it's responsive. Well, I guess in part the question is, when you have a document, who decides whether that document is a collection of records or whether it is a single record? And my understanding is here, when you located the questions for the record, the government determined that that was a series of records that were compiled into one document instead of just a single record. Correct. And so the government's position is that in response to a FOIA request, would identify those particular records to satisfy that FOIA request. And that decision is subject to judicial review, just as here. Right. Who would ever file? I mean, I'm finding it very funny because it makes no sense to me. Who would ever file question one and the answer to question one as a record? What business and what government agency? Oh, go look and file 22 and you'll find question three in the answer. That's a record in there. Under what record filing system would anyone do that? It makes no sense. I understand there is this difficulty in defining precisely what is and is not a record, but there's some things that seem to me are so clearly not records. And I don't understand conceptually how you think anyone, any normal person would handle question three as a record and go file it because there's record management. Where do you put it? As a record. It's make it rhetorical. I'm just letting you know, so you understand my concern. I don't get the position and it looks like it's inconsistent with what we said. To get some clarification on something you said earlier in response to Judge Edwards's questions, the order that you that DOJ would have gone in, you could imagine them taking out everything that's exempt, which is time consuming, and then taking out everything that's not relevant in their opinion. Or you could imagine them doing it in the reverse order, taking out everything that's relevant, which is probably a pretty exercise. And then the universe of things that are relevant and therefore need to be subject to the exemption inquiry is a much smaller universe, which would actually make this process probably faster than if you had to go question by question and figure out for every question, does an exemption apply? Now, that doesn't mean that you're right about the statutory meaning, or the meaning of the statutory term record. But if our only goal were to make things as easy as possible for DOJ, as fast and efficient as possible, am I right that it would depend on what order you go in? So far as I understand your question, Your Honor, that's correct. And this court explained in American Immigration Lawyers Association that relative process, that is first, the government sets forth the relevant information and plaintiff's counsel went over this as well. And after identifying those responsive records, we'll process them, meaning invoke particular exemptions for line items or specific information within those records. I have nothing more. We ask the court affirm. Thank you. Thank you, Mr. Ross. Mr. Mulvey, we'll give you an initial minute, or I think you asked for one minute. Well, that's fine. Yeah, one minute. Would you mind starting very briefly with, if you know the answer to my original question, is there something in the record and a declaration, an affidavit or something that gives me some insight on whether that the Feinstein document was sent as a separate attachment from the other consecutively paginated questions? I don't believe that there's anything to that effect in the record. As I understand it, the record reflects that it was sent together, but I checked the appendix and Your Honor, you are right that those two pages are not paginated along with the preceding pages. But I think the record is unclear. I just have five quick points in response to what government counsel discussed with Your Honors. First, Fortune v. Harris, 1980, very, very early in the FOIA's to records, not information in the abstract. It's true that there's never been a court that's addressed the precise definition of a record until now at the appellate level. But I think that's because, like Judge Edwards suggested, it's just common sense. We don't need a judicial decision on what a record is because it shouldn't be subject to such a convoluted approach as set out in the OIP guidance. With respect to government counsel's suggestion that there's no definition of a record, most of that case law doesn't, in fact, all of it except for AILA, says there's no definition of agency record. An agency record is a distinct concept from record. Finally, Judge Edwards, there's a maxim that I like, which is that the FOIA requester is the master of a FOIA request, but the agency is the master of its own records management program. It decides how to maintain records, but once it decides to create or obtain and maintain a record in a particular way, that is the record. Then finally, again, all that the government offers are policy-based efficiency concerns. Obviously, application of the OIP guidance and this attempt to define records after you've identified something that's possibly a record but not actually a record, that's convoluted. It's not straightforward. We wouldn't be having this case if it were so easy as the government contends. I don't understand the efficiency concerns because whether or not you're segmenting a record and determining whether it is a record under OIP's guidance or that it's exempt, you're taking the same amount of time. If there's no further review by superiors as to the segmentation of a record, that's deeply concerning because that is as important a consideration as the application of statutory exemptions. It also conflicts... Sorry, Your Honor. I think that we have your argument. Okay. We ask that this court reverse. Thank you, Your Honor. Okay. Thank you, Mr. Mulvey. The case is submitted.
judges: Rao, Walker, Edwards